IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY CROSBY<br>(BOP Inmate # 09749-025),<br><br>       Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>       Respondent. | Case No. 14-cv-0486-MJR |

ORDER SETTING BRIEFING SCHEDULE
ON SECTION 2255 PETITION

REAGAN, District Judge:

  Johnny Crosby was indicted on charges of distributing cocaine (in violation of 21 U.S.C. 841(a)) in Criminal Case 12-CR-30169-MJR.  He initially appeared before United States Magistrate Judge Clifford J. Proud, entered a not guilty plea, and was released on bond.  Crosby retained counsel of his choice, John D. Stobbs, II.  Ultimately, Crosby pled guilty before the undersigned District Judge in January 2013.  The plea agreement, inter alia, contained a waiver of the right to directly appeal or collaterally challenge the sentence imposed by the Court.  The waiver was subject to two exceptions: (a) a challenge based on a subsequent change in federal law (if that change is declared retroactive by the Courts and renders Crosby "actually innocent of the charges"), and (b) an appeal based on an amendment to the U.S. Sentencing Guidelines (if that amendment is made retroactive by the U.S. Sentencing Commission)(Doc. 24, p. 8).

On April 26, 2013, the undersigned sentenced Crosby to 88 months in prison, followed by a 3-year term of supervised release. Judgment was entered on April 30, 2013 (see Doc. 37). No direct appeal was taken.

On April 28, 2014, Crosby filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255 (Doc. 1), along with a 21-page supporting memorandum (Doc. 2). Crosby asserts that Mr. Stobbs rendered ineffective assistance of counsel in three ways:

(1) failing to file any pretrial motions;

(2) failing to "subject the prosecution's case to a meaningful adversarial testing process" (Doc. 1, p. 6); and

(3) failing to object to the use of relevant conduct to enhance Crosby's base offense level and sentence.

Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS directs the Judge who receives the motion to promptly examine it. If it plainly appears from the motion, any exhibits, and the record of prior proceedings that the moving party is *not* entitled to relief, the judge must dismiss the motion. Otherwise, the District Court must order the United States Attorney to file an answer or response within a fixed time. Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS explains that if the motion is not dismissed, then depending on the issues raised and briefs filed, the Judge must determine whether an evidentiary hearing is warranted.

Having conducted the prompt examination required by the Rules, the undersigned Judge concludes that Crosby's petition is not subject to immediate

3 | P a g e

dismissal.  The Court will not set an evidentiary hearing at this point, and will decide whether one is needed after reviewing the briefs.   Accordingly, the Court hereby **SETS THE FOLLOWING BRIEFING SCHEDULE.**

- By **May 30, 2014**, the United States shall file its **response** to Crosby's Section 2255 Motion and Supporting Memorandum.

- By **June 30, 2014**, Crosby may file a **reply brief** (no longer than 6 pages) to the United States' response.

IT IS SO ORDERED.

DATED April 30, 2014.

                                            s/ Michael J. Reagan
                                            Michael J. Reagan
                                            United States District Judge